UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FLORES,

      Plaintiff,                              Case No.

v.                                        Hon.

BOWLING TRANSPORTATION, INC.,
      Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

Plaintiff David Flores ("Plaintiff"), by and through his attorneys, HURWITZ

LAW PLLC, hereby alleges as follows:

**INTRODUCTION**

1.     This is an action for compensatory damages, costs, attorneys' fees,

punitive damages, and other relief against Defendant Bowling Transportation, Inc.

("Defendant").  Plaintiff was terminated after suffering a serious health condition

contrary to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and the

Michigan's Persons with Disabilities Civil Rights Act of 1976, MICH. COMP. LAWS

§ 37.1101 *et seq.*  Defendant would not have terminated him "but for" his qualified

disability.  Further, Defendant withheld his personnel file contrary to the Bullard-

Plawecki Employee Right to Know Act, MICH. COMP. LAWS § 423.501 *et seq.*

## JURISDICTION AND PARTIES

2.      Plaintiff resides in Adrian, Michigan in Lenawee County.

3.      Defendant is a foreign profit corporation incorporated in Ohio.

Defendant has a resident agent in Farmington Hills, Michigan in Wayne County.

4.      The U.S. District Court for the Eastern District of Michigan has subject

matter jurisdiction over the federal law claim pursuant to 28 U.S.C. § 1331 and

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper as this is the judicial district in which a substantial part

of the events giving rise to the claims occurred under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6.      Defendant is a foreign profit corporation performing transportation

services, including hauling of steel coils and steel products, across the United States.

7.      Plaintiff had been employed as a Logistics Driver for approximately

eight years before his termination on October 12, 2021.

8.      Vice President Don Bowling called him racial epithets such as "spic" and "wetback."  Mr. Bowling referred to him not by name but as "the Mexican."

9.      Plaintiff suffered a debilitating injury on October 10, 2021, which caused him immense pain down his legs and made it difficult for him to walk.



10.     The injury temporarily prevented him from performing his job duties.

11.     Plaintiff disclosed the injury to Mr. Bowling the next day, on October 11, 2021.

12.     Mr. Bowling failed to notify him concerning his rights under the FMLA.

13.     Instead, Mr. Bowling merely responded, "I'm sick of your shit."

14.     Mr. Bowling further asked if he still wanted to work.

3

15.     Plaintiff submitted a doctor's note to Defendant's Human Resources Department on October 12, 2021.  However, his doctor's note was ignored.

16.     Later that day, on October 12, 2021, he was terminated.

17.     Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on January 14, 2022, alleging discrimination based on disability and national origin. Plaintiff's Complaint will be amended to include violations of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964 once he is issued a "Right to Sue" letter.

18.     The Bullard-Plawecki Employee Right to Know Act grants an employee the right to receive a copy of his or her personnel record.

19.     Plaintiff made a request for his personnel record on November 5, 2021.

20.     The letter was delivered through undersigned counsel.

21.     However, to date, his personnel record has not been furnished.

## COUNT I
## FMLA INTERFERENCE AND RETALIATION

22.     Plaintiff incorporates by reference herein the foregoing paragraphs.

23.     Plaintiff dutifully performed his duties for approximately seven years.

24.     Plaintiff's injury is a "serious health condition" under the FMLA, as it is an injury, impairment, or physical condition that involved inpatient care in a hospital and "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

25.    Defendant was on notice that he required protected medical leave.

26.    Defendant did not notify Plaintiff that he could apply for FMLA certification and take a protective medical leave.

27.    Plaintiff was terminated due to missing work for a "serious health condition."

28.    Defendant cannot prove the elimination of Plaintiff's job was premediated.

29.    Defendant's violation was knowing and willful.

30.    Plaintiff suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future, because of the retaliation.  As a further proximate result, he been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work in the future.

## COUNT II
## RETALIATION IN VIOLATION OF THE PWDCRA

31.    Plaintiff incorporates by reference herein the foregoing paragraphs.

32.    Plaintiff has a "disability" under the PWDCRA.

33.    Defendant retaliated against him for his request for a reasonable accommodation, by acts including, but not limited to, terminating his employment.

34.     Defendant's actions violate the PWDCRA.

35.     Plaintiff suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future, because of the retaliation. As a further proximate result, he been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work in the future.

36.     Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

### COUNT III
### DISCRIMINATION IN VIOLATION OF ELCRA

37.     Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

38.     Defendant employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, MCL 37.2010 et seq. ("ELCRA").

39.     Defendant is an employer within the meaning of the ELCRA.

40.     The ELCRA prohibits, among other things, discrimination based upon national origin.

41.     Plaintiff is a Mexican-American.

42.     Plaintiff was qualified for his position.

43.     Plaintiff was called derogatory names related to his Mexican heritage, which constitutes direct evidence of discrimination.

44.     Plaintiff suffered adverse action, including termination.

45.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was harmed, and continues to be harmed, in that he suffered economic and non-economic loss, including but not limited to: lost wages; damages to professional reputation; emotional distress; outrage, humiliation; indignity and disappointment.

## COUNT IV
## FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT

46.     Plaintiff incorporates by reference herein the foregoing paragraphs.

47.     The Bullard-Plawecki Employee Right to Know Act grants an employee the right to receive a copy of his or her personnel record.

48.     Plaintiff made a request for his personnel record on November 5, 2021.

49.     The letter was delivered through undersigned counsel.

50.     However, to date, his personnel record has not been furnished.

51.     Defendant's violation was knowing and willful. Plaintiff, therefore, is entitled to actual damages, $200.00 plus costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a.   Compensatory damages for monetary and non-monetary loss;

b.   Exemplary and punitive damages;

c.   Prejudgment interest;

d.   Attorneys' fees and costs; and

e.   Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Grant Vlahopoulos (P85633)
Attorneys for Plaintiff
Hurwitz Law PLLC
617 Detroit Street, Ste 125
Ann Arbor, MI 48104

Dated: February 28, 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID FLORES,

      Plaintiff,                                         Case No.

v.                                                                      Hon.

BOWLING TRANSPORTATION, INC.,
      Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

---

## JURY DEMAND

Plaintiff David Flores, by and through his attorneys, HURWITZ LAW PLLC,

and hereby demands a jury trial in the above-captioned matter for all issues so triable.

           Respectfully Submitted,

           HURWITZ LAW PLLC

           /s/ *Noah S. Hurwitz*
           Noah S. Hurwitz (P74063)
           Kara F. Krause (P85487)

Grant Vlahopoulos (P85633)
Attorneys for Plaintiff
Hurwitz Law PLLC
617 Detroit Street, Ste 125
Ann Arbor, MI 48104

Dated: February 28, 2022